## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-22-656 |
| BECKY BARNHART, *et al.*, Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Azaniah Blankumsee, who is presently incarcerated at Jessup Correctional Institution, brings this civil action pursuant to 42 U.S.C. § 1983 against Rebecca Barnhart and Emily Meyer. ECF No. 1. Plaintiff alleges that Defendants were deliberately indifferent to his medical needs by refusing to accept delivery of medically necessary footwear that the Warden had previously allowed him to order while he was incarcerated at the Maryland Correctional Training Center ("MCTC"). *Id.* at 2-3. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 4.

Barnhart and Meyer each filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF Nos. 14, 16. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Plaintiff that the failure to file a memorandum in opposition to Defendants' Motions could result in dismissal of the Complaint. ECF Nos. 15, 17. Plaintiff filed nothing further.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendants' dispositive motions, construed as ones for summary judgment, will be granted.

### Background

Plaintiff alleges that on June 29, 2017, and again on February 4, 2020, medical providers at MCTC allowed him to order shoes from a catalog to alleviate his foot problems. Compl., ECF

No. 1 at 2. The providers specified that Plaintiff was to follow the Department of Public Safety and Correctional Services' ("DPSCS") protocol in placing the order. ECF No. 1-1 at 1, 3. On January 14, 2021, MCTC Warden William Bohrer approved Plaintiff's request to "order a pair of shoes from a vendor . . . ." *Id.* at 9. Copied on the approval were Barnhart, the Assistant Director of Nursing at MCTC, and Meyer, who works in the MCTC package room. *Id.*

On January 28, 2021, Plaintiff signed for the delivery of shoes from Eastbay, an unauthorized vendor for which he received special permission because the preferred vendor was unable to accommodate his request. Receipt, ECF No. 16-4; *see also* Decl. of Erin Taylor, ECF No. 16-6. Then, on February 8, 2021, Plaintiff received another shipment of boots from his wife. *See* ECF No. 16-5; ECF No. 1 at 2. Meyer returned the subsequent package and explained to Plaintiff that "[t]he boots need to come directly from the company" and not "from home." ECF No. 1-1 at 6-7.

On March 11, 2021, Plaintiff sent a letter to the Warden's office asking for further assistance regarding the returned boots. *See id.* at 10-13. As a result, on March 17, 2021, MCTC Warden Richard Dovey asked Barnhart, the Assistant Director of Nursing at MCTC, to review Plaintiff's request. *Id.* at 15. Subsequently, Barnhart advised Warden Dovey as follows: "[Plaintiff's] chart shows that he sometimes gets ingrown toenails but any wide shoe should work. Medical should not be giving him paperwork to allow him to buy anything. If it is medically necessary we should buy it for them." *Id.* at 16.

## Standard of Review

Complaints raised by pro se litigants are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), plaintiffs must raise factual allegations that are "enough to raise a right to relief above

2

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When the moving party styles its motion as a "Motion to Dismiss, or in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Summary judgment motions are granted when the moving party shows that there is no genuine issue of material fact, therefore entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The district court must view facts in the light most favorable to the nonmoving party, including drawing all "justifiable inferences" in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Material" facts "might affect the outcome of the suit under the governing law," and they constitute genuine issues if there is sufficient evidence for the trier of fact to rule in favor of the nonmoving party. *Id*. at 248.

### Analysis

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016). Notably, it "proscribes more than physically barbarous punishments." *Estelle*, 429 U.S. at 103. It also "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . .'" *Id.* (citation omitted). Thus, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

3

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Thompson*, 878 F.3d at 97.

The deliberate indifference standard consists of a two-pronged test: "(1) the prisoner must be exposed to 'a substantial risk of serious harm,' and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." *Thompson*, 878 F.3d at 97-98 (quoting *Farmer*, 511 U.S. at 834, 837-38).

Of relevance here, in order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 106; *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Iko v. Shreve*, 535 F. 3d 225, 241 (4th Cir. 2008). The Fourth Circuit has characterized the applicable standard as an "exacting" one. *Lightsey*, 775 F.3d at 178. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure the needed care was available. *See Farmer*, 511 U.S. at 837; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Fourth Circuit has said: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked

knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

Moreover, an inmate's mere disagreement with medical providers as to the proper course of treatment also does not support a claim under the deliberate indifference standard. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977). Rather, a prisoner-plaintiff must show that the medical provider failed to make a sincere and reasonable effort to care for the inmate's medical problems. *See Startz v. Cullen*, 468 F.2d 560, 561 (2d Cir. 1972); *Smith v. Mathis*, PJM-08-3302, 2012 WL 253438, at * 4 (D. Md. Jan. 26, 2012), *aff'd*, 475 F. App'x 860 (4th Cir. 2012).

Generally, "[a]n actionable deliberate-indifference claim does not require proof that the plaintiff suffered an actual injury. Instead, it is enough that the defendant's actions exposed the plaintiff to a 'substantial risk of serious harm.'" *Heyer*, 849 F.3d at 210 (quoting *Farmer*, 511 U.S. at 837) (emphasis added in *Heyer*); *see Thompson*, 878 F.3d at 97-98. But, in a case involving a claim of deliberate indifference to a serious medical need, the inmate must show a "significant injury." *Danser v. Stansberry*, 772 F.3d 340, 346 n.8 (4th Cir. 2014).

Here, Plaintiff claims that Defendants Barnhart and Meyer were deliberately indifferent to his serious medical needs when they prevented him from receiving boots that were necessary to alleviate his foot problems, and which had been approved by the Warden. Barnhart, however, had no part in returning the boots to their sender and therefore cannot be found to have been deliberately indifferent to Plaintiff's needs. To the extent Plaintiff contends that Barnhart violated his constitutional rights by advising the Warden that Plaintiff should not be given paperwork to buy shoes, his claim likewise fails. Based on the exhibit attached to Plaintiff's Complaint, it appears that Barnhart merely opined that it would be more appropriate for the medical staff to

order the prescribed footwear rather than to task Plaintiff with its purchase. Thus, Plaintiff has not shown that Barnhart failed to make a sincere and reasonable effort to care for his medical problems.

With regard to Meyer, Plaintiff fails to show that return of the boots to their sender exposed Plaintiff to a substantial risk of serious harm. At the time Meyer returned the boots to Plaintiff's wife, Plaintiff had already taken delivery of another pair of shoes that the Warden had allowed him to order from an outside vendor. Furthermore, Meyer did not fail to ensure that any needed care was available. In addition to accepting delivery of the first pair of shoes, Meyer clearly explained to Plaintiff that, pursuant to DPSCS policy, the boots were returned because they were not received directly from the vendor. On this record, I cannot find that Meyer's conduct was inappropriate.

In sum, Plaintiff fails to demonstrate that Barnhart and Meyer's actions amounted to deliberate indifference. Therefore, Defendants' dispositive motions, construed as ones for summary judgment, shall be granted.

**Conclusion**

Barnhart and Meyer's Motions to Dismiss, or in the Alternative, Motion for Summary Judgment, construed as motions for summary judgment, will be granted. A separate Order follows.


_December 8, 2022__                        _____/s/_____
Date                                       Paul W. Grimm
                                           United States District Judge